UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER JOSHUA LABRECK (#799461),

    Plaintiff,

                            CASE NO. 2:14-CV-12025
                            JUDGE LAURIE J. MICHELSON
                            MAGISTRATE JUDGE PAUL J. KOMIVES
   v.

SHERIFF STEPHENSON,
CAPTAIN HARNOIS and
JANE DOE JAIL NURSE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS
STEPHENSON AND HARNOIS'S MOTION TO DISMISS (Doc. Ent. 19)**

**I.**     **RECOMMENDATION:** The Court should dismiss this lawsuit without prejudice for failure to prosecute in accordance with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

**II.**     **REPORT:**

**A.**     **Plaintiff's complaint challenges the conditions of confinement at Midland County Jail.**

Peter Joshua LaBreck (#799461) is or has been a party to several other cases in this Court.[1]  By way of background, it seems that LaBreck was incarcerated at the Midland County Jail from March 11, 2014 until he was transferred on June 3, 2014 to another facility.  *See* Doc.

---

[1] *See LaBreck v. Michigan Department of Treasury, et al.*, Case No. 2:13-cv-15275-LPZ-PJK (E.D. Mich.) (dismissed without prejudice on February 21, 2014); *LaBreck v. Michigan Department of Corrections, et al.*, Case No. 1:14-cv-10298-TLL-CEB (E.D. Mich.) (dismissed without prejudice on February 20, 2014); and *LaBreck v. Aarons Rentals, et al.*, Case No. 2:14-cv-10247-LJM-PJK (E.D. Mich.); *see also LaBreck v. Esposito, et al.*, Case No. 5:11-cv-11328-JCO-PJK (E.D. Mich.) (dismissed on October 31, 2013); *LaBreck v. U.S. Department of Treasury, et al.*, Case No. 2:11-cv-10155-DML-MJH (E.D. Mich.) (dismissed with prejudice on February 12, 2013).

Ent. 19 at 8.

During that time, on May 20, 2014, LaBreck filed the instant case pro se, naming as defendants Stephenson (Midland County Sheriff), Harnois (Midland County Jail Captain)[2] and Jane Doe (presumably a Midland County Jail Nurse).  Doc. Ent. 1; *see also* Doc. Ent. 4 (Preamble).[3]  Specifically, plaintiff sues defendants for:

- failing to maintain a law library
- denying indigent inmates paper, postage, copies, notary services
- taking inmates legal work, paper, and writing uten[sil]s for a disciplinary sanction.
- failing to maintain a proper grievance process; no appeal process, not providing inmates copies of grievances, etc.
- charging, or allowing to be charged ex[orbitant] rates for the use of the telephone, and commissary items
- seizing or attempting to seize plaintiffs prescription glasses

Doc. Ent. 1 at 1.

**B.    Although Harnois and Stephenson have appeared, plaintiff has not further identified Nurse Jane Doe.**

On July 25, 2014, the Court entered an order (Doc. Ent. 12) satisfying the order to show cause (Doc. Ent. 10), granting plaintiff's application to proceed without prepayment of the filing fee (Doc. Ent. 2), and granting plaintiff's motion for court-ordered service of summons and complaint (Doc. Ent. 3).

Thereafter, on July 30, 2014, the U.S. Marshal acknowledged receipt of documents for service of process upon Stephenson and Harnois.  Doc. Ent. 13.  On August 27, 2014, defendants Harnois and Stephenson's waivers were executed (Doc. Ent. 18); they filed an answer, affirmative defenses and demand for jury trial (Doc. Ent. 17); and appearances were entered on

---

[2]*See* http://co.midland.mi.us/Sheriff/DivisionsandServices/Divisions/Administration.aspx (visited Nov. 24, 2014).

[3]For whatever reason, the Civil Cover Sheet for this case lists LaBreck's address as Macomb Correctional Facility (MRF).  Doc. Ent. 1 at 2.

their behalf (Doc. Ent. 15-16).

On September 17, 2014, I entered an order (Doc. Ent. 20), which, in part, directed plaintiff to further identify defendant Jane Doe Jail Nurse. Specifically, I stated: "no later than October 7, 2014, plaintiff LaBreck SHALL provide this Court with further means to identify defendant Jane Doe Jail Nurse, such as a first and/or last name, a copy of a medical record bearing her name, etc. Otherwise, the undersigned will recommend dismissal of plaintiff's claims against this defendant." Doc. Ent. 20 at 3.[4]

To date, plaintiff has not filed an update with the Court, nor has defendant Nurse Jane Doe appeared.

**C.    Defendants' pending motion to dismiss is unopposed and will likely remain so.**

Judge Michelson has referred this case to me for pretrial matters. Doc. Ent. 14. Currently before the Court is defendants Stephenson and Harnois's September 15, 2014 motion to dismiss. Doc. Ent. 19. Specifically, they argue:

> I.    PLAINTIFF LACKS STANDING TO ASSERT A CLAIM FOR ANY AND ALL OF HIS ENUMERATED "CONSTITUTIONAL VIOLATIONS."
>
> II.   PLAINTIFF CANNOT STATE A CLAIM AGAINST SHERIFF STEPHENSON FOR THE REASON THAT THERE IS NO ALLEGATION OF DIRECT INVOLVEMENT BY THE SHERIFF.

Doc. Ent. 19 at 10-16.

On September 17, 2014, I entered an order requiring plaintiff to file a response on or

---

[4]Copies of the September 17, 2014 order (Doc. Ent. 20) were mailed to plaintiff at the MDOC's Muskegon Correctional Facility (MCF) (2400 S. Sheridan, Muskegon, MI 49442) and Macomb Correctional Facility (MRF) (34625 26 Mile Road Rd, Lenox, MI 48048).

before October 17, 2014.  Doc. Ent. 21.[5]  However, on or about September 23, 2014, one of the copies mailed to plaintiff was returned to the Court on the basis that the prisoner had been paroled.  Doc. Ent. 22.

More recently, on Friday, November 21, 2014, defense counsel's office informed the Court that plaintiff's copy of defendants' September 15, 2014 dispositive motion (Doc. Ent. 19) had been returned to defense counsel's office.

**D.     Plaintiff was paroled on September 17, 2014, and he has not filed a notice of change of address/contact information.**

On June 2, 2014, the Clerk of the Court filed a notice regarding parties' responsibility to notify court of address change.  Doc. Ent. 5.  The copy of this notice mailed to LaBreck at the MDOC's Macomb Correctional Facility (MRF) was returned to the Court, because LaBreck was out on writ.  Doc. Ent. 8.

By the time of his July 3, 2014 filing, plaintiff was incarcerated at the MDOC's Muskegon Correctional Facility (MCF).  Doc. Ent. 9 at 4.  At the time of his July 22, 2014 filing, plaintiff was still incarcerated at MCF.  Doc. Ent. 11 at 3-4.[6]

Currently, LaBreck's address of record is MCF.  However, he was paroled on September 17, 2014.  *See* www.michigan.gov/corrections, "Offender Search."  Moreover, he has not filed a

---

[5]Copies of this order (Doc. Ent. 21) were mailed to plaintiff at the MDOC's Muskegon Correctional Facility (MCF) (2400 S. Sheridan, Muskegon, MI 49442) and Macomb Correctional Facility (MRF) (34625 26 Mile Road Rd, Lenox, MI 48048).

[6]Plaintiff has not filed anything in this case since his July 22, 2014 response (Doc. Ent. 11) to the Court's July 8, 2014 show cause order (Doc. Ent. 10).  Specifically, plaintiff addressed (I) certification of prison trust fund account, (II) written authorization to withdraw funds, and (III) two copies of the complaint for service.

4

notice of change of address/contact information with the Court. *See* E.D. Mich. LR 11.2.[7]

**E.     Conclusion**

Fed. R. Civ. P. 41 governs dismissal of actions. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court is without a current address for LaBreck. Even if plaintiff did not receive the Court's directions regarding keeping his address of record current - such as the June 2, 2014 notice (*see* Doc. Ent. 5) or the Court's September 17, 2014 order (*see* Doc. Ent. 20 at 3-4) - plaintiff must still comply with E.D. Mich. LR 11.2. Upon representation, defendants' September 15, 2014 motion to dismiss (Doc. Ent. 19) has been returned to defense counsel's office. Moreover, since his September 17, 2014 parole, plaintiff has failed to abide by E.D. Mich. LR 11.2. As a result, it is likely he did not receive copies of the Court's September 17, 2014 orders. Doc. Entries 20 and 21.

Without a current address for LaBreck, the Court is not in a position to re-serve any filings which were returned as undeliverable. Thus, rather than expending judicial resources on a determination of defendants' September 15, 2014 motion to dismiss (Doc. Ent. 19), regarding

---

[7]"Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

which no response is expected, the Court should conclude that plaintiff has failed to prosecute this case and should dismiss this lawsuit without prejudice in accordance with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<table>
<tr><td>Date: November 24, 2014</td><td>s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE</td></tr>
</table>

I hereby certify that a copy of the foregoing document was sent to parties of record on November 25, 2014, electronically, and/or by U.S. mail.

                                                   s/Michael Williams
                                                   Case Manager for the
                                                   Honorable Paul J. Komives