UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PETER LABRECK,<br><br>      Plaintiff,<br><br>v.<br><br>SHERIFF STEPHENSON, CAPTAIN HARNOIS, and NURSE JANE DOE,<br><br>      Defendants. | Case No. 14-cv-12025<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE [29]**

Before the Court is Plaintiff Peter Labreck's motion to reinstate this prisoner civil rights action. (Dkt. 29, Pl.'s Mot.)

Labreck filed this action *pro se* on May 20, 2014. (Dkt. 1.) The named defendants, Sheriff Stephenson and Captain Harnois, filed a Motion to Dismiss on September 15, 2014. (*See* Dkt. 19.) Magistrate Judge Komives (to whom this Court had referred all pretrial proceedings) ordered Labreck to respond by October 17, 2014. (Dkt. 21.) Judge Komives also ordered Labreck to identify defendant Jane Doe Jail Nurse by October 7, 2014 and to file a change of address notice. (Dkt. 20.) The orders were sent to Labreck's address of record with the Court (at the Michigan Department of Corrections' Macomb Correctional Facility) and to the Muskegon Correctional Facility, where it appeared that Labreck was incarcerated. (*See* Sep. 17, 2014 Docket Entries.) An order sent to the Muskegon facility was returned as undeliverable, but the orders sent to the Macomb facility were not. (*See* Dkt. 22.)

Labreck failed to respond to the motion to dismiss or to the Magistrate Judge's orders. Thus, on November 25, 2014, Magistrate Judge Komives filed a report and recommendation to

dismiss this case. (Dkt. 23.) No objections were filed. This Court adopted the report and recommendation and dismissed Labreck's complaint without prejudice on December 18, 2014. (Dkt. 26.)

Nearly one year later, on October 21, 2015, Labreck filed a "Motion to Reinstate Action and Change of Address Notice." He says that he was in custody at the Macomb County Jail from October 24, 2014 until October 7, 2015. (Pl.'s Mot. at 1.) He claims that during the "entire period" he was on "suicide watch/high observation" and that "[d]ue to the Macomb County Jail policy of not allowing 'suicide watch'/'high observation' inmates to have pencil, paper, envelopes, or legal work, Plaintiff had <u>no way what-so-ever</u> to file a change of address notice with this court, through no fault of his own, and Plaintiff should not be punished/have his action dismissed for something he had absolutely no control over." (*Id.* (emphasis in original).)

A motion to reinstate is "properly construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)." *See Jenkins v. Frentner*, 173 F.3d 855, *2 (6th Cir. 1999) (table opinion) (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)). As Labreck claims that his failure to prosecute was "absolutely" outside of his control, this is not a case of "excusable neglect" under Rule 60(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394 (1993) ("[A]t least for the purposes of rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. . . . [A] party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.'"). The only other possibly relevant avenue to relief for Labreck is Rule 60(b)(6), which allows a court to relieve a party from judgment for "any other reason that justifies relief." But "[r]elief pursuant to Rule 60(b)(6) is available only in exceptional or extraordinary circumstances which are not addressed

by the first five numbered clauses of the Rule and only as a means to achieve substantial justice." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (internal quotation marks and citations omitted).

This case does not present exceptional or extraordinary circumstances. Labreck's own actions belie his claim that he had "no way whatsoever" to file a change of address form. During the roughly one year in which Macomb County Jail supposedly cut Labreck off entirely from the outside world, he in fact managed to initiate *three* additional lawsuits in this Court. First, on May 27, 2015, he filed a complaint against Citadel Investment Group. *See Labreck v. Citadel Investment Group, Inc.*, No. 15-cv-11912-GER (E.D. Mich.). Though his complaint in that case indicates that it was "drafted by Mark Cowans, on behalf of Peter LaBreck, who is on 'suicide watch,'" it is clear that Labreck had a means to file during his confinement. Second, Labreck was one of several named plaintiffs in another lawsuit filed by Cowans on August 3, 2015. *See Cowans v. Dupris*, No. 15-cv-12739-TGB (E.D. Mich.). And finally, on September 15, 2015, while still on suicide watch at Macomb County Jail, Labreck filed yet another lawsuit. *See Labreck v. Sabaugh*, No. 15-cv-13303-JCO (E.D. Mich.). While he noted in that complaint that he was "reliant upon other inmates to prepare [his] filings," it is clear that he still could file.

If Labreck could pursue three other lawsuits, he could have filed a change of address notice, or otherwise notified the court of his change in address, and prosecuted this case. Accordingly, Labreck's Motion to Reinstate (Dkt. 29) is DENIED.

SO ORDERED.

                                                    s/Laurie J. Michelson
                                                   LAURIE J. MICHELSON
                                                   UNITED STATES DISTRICT JUDGE

Dated: November 30, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 30, 2015.

                                                s/Jane Johnson
                                                Case Manager to
                                                Honorable Laurie J. Michelson